**Glen Truman BLAIR, Plaintiff in Error,**
**v.**
**STATE of Oklahoma, Defendant in Error.**
**No. A–12992.**

Court of Criminal Appeals of Oklahoma.

May 24, 1961.

Wayne E. Wheeling, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., K. D. Greiner, County Atty. for Payne County, A. J. Schott, James Browne, Asst. County Attys., Stillwater, for defendant in error.

NIX, Presiding Judge.

The defendant, Glen Truman Blair, was charged conjointly with Joe Lee Lynch

by information with the crime of Burglary in the Second Degree which occurred on the 27th day of February, 1960. Defendant was tried in District Court and found guilty by a jury who was unable to agree on the punishment and the punishment was assessed by the trial court at five years in the Oklahoma State Penitentiary. From the judgment and sentence the defendant has appealed.

 There are numerous cases from the Court that rule where defendant appeals from a judgment of conviction and no briefs are filed or argument presented, the Court of Criminal Appeals will examine the evidence to ascertain if it supports the verdict and examine the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed. Welborn v. State, 95 Okl.Cr. 130, 240 P.2d 1130.

The appeal was filed in this Court on December 1, 1960. The case was on the 12th day of April 1961 submitted on the record, and no briefs filed by either the defendant or the attorney general and no showing made why the brief has not been filed.

Title 21 O.S.A. 1435 states:

"Burglary in second degree—Acts constituting

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

Title 21 O.S.A. 1436 states:

"Punishment of burglary"

" * * * 2. Burglary in the second degree not exceeding seven years and not less than two years."

After a careful examination it is not deemed necessary to set out the evidence in full in this case. Suffice it to say the evidence is sufficient to sustain the judgment and sentence. There are no prejudicial or fundamental errors in the record. The jury was correctly advised as to the law applicable to the facts.

The judgment of the trial court is affirmed.

BRETT and BUSSEY, JJ., concur.