Charles CRISMON, Plaintiff in Error,

v.

The STATE of Oklahoma,
Defendant in Error.

No. A–13149.

Court of Criminal Appeals of Oklahoma.

Oct. 3, 1962.

As Corrected on Denial of Rehearing

Oct 18, 1962.

Lewis F. Oerke, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Charles Crismon, hereinafter referred to as the defendant, was charged by Information filed in the District Court of Comanche County, Oklahoma, with the crime of Operating a Gambling Game, was tried before a jury, found guilty and the jury assessed the punishment to imprisonment in Oklahoma State Penitentiary for two years and a fine of $2,000.00. From this judgment and sentence the defendant appeals.

Petition in Error and case made were filed in this Court on November 27, 1961, and under the rules of the Court, brief was due to be filed within thirty days thereafter. The case was set for Oral Argument on April 11, 1962, and Oral Argument was waived by the defendant. Case was submitted on record, and no briefs filed by either the defendant or the Attorney General, and no showing made why the brief has not been filed.

There are numerous cases from the Court that rules where a defendant appeals from a judgment of conviction and no briefs are filed or argument presented, the Court of Criminal Appeals will examine the evidence to ascertain if it supports the verdict and examine the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed. See Welborn v. State, 95 Okl.Cr. 130, 240 P.2d 1130; and Blair v. State, Okl.Cr.App., 362 P.2d 469.

Title 21 O.S.A. § 941, states:

"Every person who opens, or causes to be opened, or who conducts, whether for hire or not, or carries on either poker, roulette, craps or any banking or percentage, or any gambling

game played with dice, cards or any device, for money, checks, credits, or any representatives of value, or who either as owner or employee, whether for hire or not, deals for those engaged in any such game, shall be guilty of a felony, and upon conviction thereof, shall be punished by a fine of not less than five hundred dollars, nor more than two thousand dollars, and by imprisonment in the state penitentiary for a term of not less than one year nor more than ten years."

After a careful examination of the record, it is not deemed necessary to set out the evidence in full in this case. Suffice it to say the evidence is sufficient to sustain the judgment and sentence, the information is sufficient to charge the offense of Operating a Gambling Game, and the court properly instructed the jury.

It being apparent that there is no fundamental error and that defendant had a fair and impartial trial, the judgment of the trial court is affirmed.

BRETT and BUSSEY, JJ., concur.