**Jarrell B. INGRAM, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13314.**

Court of Criminal Appeals of Oklahoma.

June 19, 1963.

Ogden, Ogden & Williams, by Frank Ogden, Guymon, for plaintiff in error.

Charles Nesbitt, Atty. Gen., for defendant in error.

PER CURIAM.

Jarrell B. Ingram, hereinafter referred to as the defendant, was charged by Information in the District Court of Texas County with the crime of Speeding during the Day-

time, was tried by a jury, found guilty, and punishment assessed at a fine of $38.00. From this judgment and sentence the defendant appeals.

Petition in Error and casemade were filed in this Court on December 10, 1962, and under Rule 6 of this Court, 22 O.S.1961, c. 18, Appendix, brief was due 30 days thereafter. Defendant applied for a 30 day extension of time in which to file brief, which was granted to February 10, 1963. Brief was never filed, and the case was set on our Docket for Oral Argument on March 31, 1963, on which day, counsel called in and waived Oral Argument, and the case was submitted on the record.

■ There are numerous cases from this court that hold where a defendant appeals from a judgment and no briefs are filed or argument presented, the Court of Criminal Appeals will examine the evidence to ascertain if it supports the verdict and examine the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed. See Welborn v. State, 95 Okl.Cr. 130, 240 P.2d 1130; and Blair v. State, Okl. Cr.App., 362 P.2d 469.

■ After a careful examination of the record, it is not deemed necessary to set out the facts and evidence in full in this case. Suffice it to say the evidence is sufficient to sustain the judgment and sentence; the information is sufficient to charge the offense of Speeding during the Daytime, and the trial court properly instructed the jury.

It being apparent that there is no fundamental error and that defendant had a fair and impartial trial, the judgment of trial court is hereby affirmed.